**LEWIS SERVICE CENTER, INC., Appellant,**

v.

**MACK FINANCIAL CORP., an Ohio corporation, Appellee.**

**No. 82–1139.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 8, 1982.

Decided Dec. 27, 1982.

---

Law Offices of Cobb & Rehm, P.C., Lincoln, Neb., for Lewis Service Center, Inc., appellant.

Cline, Williams, Wright, Johnson & Oldfather, Lincoln, Neb., for Mack Financial Corp., appellee.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

HENLEY, Senior Circuit Judge.

Plaintiff Lewis Service Center (Lewis), a franchised dealer of Mack trucks, appeals the order of the district court[1] granting summary judgment to defendant Mack Financial Corp. (Mack), in this action based on 42 U.S.C. § 1983. We affirm.

Mack, a subsidiary of Mack Trucks, provides financing to dealers pursuant to an agreement by which it receives a security interest in the inventory of the dealer. As a result of a dispute between Lewis and Mack concerning payments under the financing contract, Mack filed a replevin action against Lewis on October 20, 1980 in the state district court in Nebraska to recover possession of thirty-five vehicles in Lewis's inventory. In conjunction with this petition, Mack requested the court to enter a temporary order pursuant to Neb.Rev. Stat. § 25–1093.02 which requires the de-

---

1. "The Honorable Warren K. Urbom, Chief Judge, United States District Court, District of Nebraska.

68

fendant in the replevin action to hold the property "unimpaired and unencumbered" until a hearing which must take place within fourteen days after service and at which the court determines plaintiff's right to possession pending final resolution on the merits.

The hearing was held on November 3, and an order was entered on November 7, vacating the temporary order because Mack had failed to make an effective demand for payment. On November 10 Mack filed a motion to dismiss without prejudice and filed a new petition alleging that demand had been made and requesting a second temporary order which was entered on November 12. After a hearing on November 24 the court ordered immediate delivery of the property to Mack.

In the present action, Lewis claims that the issuance of the temporary orders deprived Lewis of property rights in violation of due process and § 1983. Both Lewis and Mack filed motions for summary judgment based on the question of the constitutionality of the temporary order procedure. The remainder of the replevin statute is not challenged.[2] The district court concluded that the temporary order procedure satisfied due process standards and granted defendant's motion.

 We agree with the district court that the temporary order results in a deprivation of property rights sufficient to trigger due process protection. *See North Georgia Finishing, Inc. v. Di-Chem, Inc.,* 419 U.S. 601, 606, 95 S.Ct. 719, 722, 42 L.Ed.2d 751 (1975) (garnishment of debtor's bank account deemed deprivation of use of property subject to due process scrutiny). The issue, then, as appellant contends, is whether the procedural protections provided by the statute meet constitutional standards. We recognize that due process "guarantees 'no particular form of procedure.'" *Mitchell v. W.T. Grant Co.,* 416 U.S. 600, 610, 94

S.Ct. 1895, 1899, 40 L.Ed.2d 406 (1974). Rather, due process analysis necessitates a balancing of the creditor's interest in protecting his property rights and the debtor's interest in avoiding a wrongful seizure. *Guzman v. Western State Bank of Devils Lake, North Dakota,* 516 F.2d 125, 128 (8th Cir.1975).

The district court found useful the following guidelines set forth in *Aaron Ferer & Sons Co. v. Berman,* 431 F.Supp. 847 (D.Neb.1977):

(1) The [temporary order] must issue only upon an affidavit containing facts. The affidavit must be by the creditor or his attorney who has personal knowledge of the facts.

(2) The [temporary order] must be issuable by a judge or at least involve judicial participation.

(3) The creditor must be required to indemnify the debtor from the risk and damages of a wrongful taking.

(4) The debtor must be able to dissolve the [temporary order] by filing a bond.

(5) The debtor must be afforded an immediate post-seizure hearing wherein the creditor shall have to prove the grounds upon which the [temporary order] was issued.

*Id.* at 852 (footnote omitted) (citing *North Georgia Finishing, Inc. v. Di-Chem, Inc., supra; Mitchell v. W.T. Grant Co., supra; Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972)). Although *Aaron Ferer* involved the constitutionality of the Nebraska prejudgment attachment procedure to acquire quasi in rem jurisdiction, we think the guidelines provided therein are helpful to the present analysis.

The first two factors weigh in favor of upholding the constitutionality of the temporary order procedure. The order is issuable only by a judge upon the filing of an

---

**2.** Mack also attacked the jurisdiction of the court. However, we think this issue was recently settled by the Supreme Court in *Lugar v. Edmonson Oil Co., Inc.,* —— U.S. ——, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982), in which the Court held that the jurisdictional requirements

of "state action" and action "under color of state law" may be satisfied by the invocation of the aid of state officials pursuant to state created provisional remedy procedures insofar as the constitutionality of the state statute is challenged. *Id.* 102 S.Ct. at 2756–57.

affidavit which states facts showing plaintiff's interest in the property. Neb.Rev. Stat. §§ 25–1093.01 to 1093.02.

■ With respect to the hearing, Lewis urges that the issuance of the temporary order without a mandatory hearing for up to fourteen days violates the due process requirement of an immediate hearing. We note that the Supreme Court in *Di-Chem* emphasized the need for an "early" hearing rather than an "immediate" hearing and declined to impose a specific time limit. 419 U.S. at 606–07, 95 S.Ct. at 722. The relevant portion of the replevin statute provides: "Unless otherwise determined and ordered by the court, the date of [the] hearing shall be seven days after service of the order upon the defendant, but in no event later than fourteen days after service." Neb.Rev.Stat. § 25–1093.02. The district court construed this language as requiring an immediate hearing if the debtor so requests.[3] So construed, the statute satisfies the due process hearing requirement.

■ Lewis contends that the temporary order procedure is constitutionally infirm because the creditor is not required to post bond before obtaining the temporary order.[4] We do not think that this is a fatal defect in view of the retention of possession by the debtor pending the provision of a prompt hearing.[5] *Cf. North Georgia Finishing, Inc. v. Di-Chem, Inc.,* 419 U.S. at 606, 95 S.Ct. at 722 (debtor's bank account was "put totally beyond use during the pendency of the litigation"). Nor do we think it necessary for the debtor to be able to dissolve the temporary order by posting bond since he can request an immediate hearing.[6]

We conclude that the temporary order procedure meets due process standards. The judgment of the district court is affirmed.

3. The interpretation of state law by a district judge sitting in that forum is entitled to great deference. *Zrust v. Spencer Foods, Inc.,* 667 F.2d 760, 764 (8th Cir.1982).

4. It is undisputed that the creditor must post bond before obtaining actual delivery. Neb. Rev.Stat. § 25–1098.

5. We find it unnecessary and therefore decline, in the absence of a state court decision, to

construe the temporary order provision as requiring a bond pursuant to Neb.Rev.Stat. § 25–1067 which imposes a bond requirement before the issuance of an injunction "unless provided by special statute."

6. If, after the hearing, defendant is ordered to deliver the property, he may retain possession by posting bond. Neb.Rev.Stat. § 25–1098.