**AIRLIFT INTERNATIONAL, INC., Plaintiff-Appellant,**

v.

**McDONNELL DOUGLAS CORPORATION; Douglas Aircraft Company; McDonnell Douglas Finance Corporation; and The Deutsch Company, Defendants-Appellees.**

**No. 80–5438.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 1982.

Decided June 21, 1982.

John R. Johnson, Kern, Wooley & Maloney, Los Angeles, Cal., for plaintiff-appellant.

Henry J. Bogust, Chase, Rotchford, Drukker & Bogust, Los Angeles, Cal., argued, for defendants-appellees; Stephen C. Tausz, Bronson, Bronson & McKinnon, San Francisco, Cal., Peter R. Brotzen, Los Angeles, Cal., on brief.

Before WRIGHT and SNEED, Circuit Judges, and EAST,* Senior District Judge.

EUGENE A. WRIGHT, Circuit Judge:

During maintenance procedures, Airlift's DC–8 airliner exploded. In a diversity action Airlift sued McDonnell Douglas, the manufacturer of the airplane, and Deutsch, the manufacturer of the component fuel boost pump connector assembly alleged to be the cause of the explosion. In defense to Airlift's negligence, strict liability, and warranty claims, McDonnell Douglas asserted Article 14, the general warranty and disclaimer clause of the aircraft purchase agreement. Deutsch also asserted that defense.

Defendants' initial motions for summary judgment were denied without prejudice. The parties then stipulated to bifurcation of the trial to try separately the validity of the exculpation clause.

After trial of that issue to the court, defendants renewed their summary judgment motions. Following trial and in response to those motions, the district court held the exculpation clause a perfect defense to the negligence and strict liability claims. It granted summary judgment on Airlift's breach claims on the grounds that the breach of implied warranty claim had been waived and that the express warranty had not been breached.

DISCUSSION

I. *Bifurcation of Trial*

■ The district court did not abuse its discretion in holding a separate trial of the exculpation issue. *United States v. 1,071.08 Acres of Land,* 564 F.2d 1350, 1352 (9th Cir.

1977). Separate trial of that issue did not deny Airlift any right to a jury trial, Fed.R. Civ.P. 42(b), for none existed. *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), is inapposite. Moreover, having stipulated that separate trial of the issue was proper, it cannot now argue that the procedure was improper.

■ Nor are we convinced by Airlift's argument that the trial improperly exceeded its intended scope. The district court explicitly stated in its memorandum of decision that to the extent of claims unaffected by the exculpation clause, it granted summary judgment. Though the court's disposition may have been clearer with two documents (one reciting its findings pursuant to trial and the other describing its "findings" pursuant to summary judgment) the procedure was not error.

II. *Liability Claims*

■ We accord great deference to the district court's determination of the law of the state in which it sits and disturb it only if it is "clearly wrong." *Power v. Union Pac. R. Co.,* 655 F.2d 1380 (9th Cir. 1981).

■ Airlift argues that the exculpation clause was vitiated under state law by McDonnell's violation of federal air regulations. We reject this argument and affirm on the authority of *S.A. Empresa v. Boeing Co.,* 641 F.2d 746, 752–54 (9th Cir. 1981) and *Delta Air Lines, Inc. v. McDonnell Douglas Corp.,* 503 F.2d 239, 244 (5th Cir. 1974), *cert. denied,* 421 U.S. 965, 95 S.Ct. 1953, 44 L.Ed.2d 451 (1975).

■ We reject Airlift's strict liability argument and affirm on the ground that, as a matter of California law, strict liability in tort does not apply between large commercial entities who have bargained for allocation of risk. *Scandinavian Airlines v. United Aircraft,* 601 F.2d 425, 427–29 (9th Cir. 1979); *Delta Air Lines, Inc. v. McDonnell Douglas Corp.,* 503 F.2d at 245.

* Of the District of Oregon.

■ Its argument that the express warranties were more extensive than those contained in Article 14 of the agreement also fails. The clear language of the agreement and the setting of its negotiation support the district court's judgment that express warranties were limited to those found in Article 14.

■ The limited remedy of Article 14 did not fail of its essential purpose. Even if McDonnell Douglas were chargeable with knowledge of latent defects, Airlift waived its remedies against such negligence for valuable consideration. It did not limit its waiver to those negligent acts of which it had notice.

■■ Section 2719(2) of the California Commercial Code is operative only when a party is deprived of its contractual remedy. *Tokio Marine & Fire Ins. v. McDonnell Douglas Corp.*, 617 F.2d 936, 941 (2d Cir. 1980) (quoting *Soo Line R.R. v. Fruehauf Corp.*, 547 F.2d 1365, 1371 n.7 (8th Cir. 1977)). Airlift's contractual remedy was held available to it during the warranty period. It does not now argue that it was unaware of the limitation of its remedy, that McDonnell committed intentional fraud, or that during the effective period McDonnell's obligation under the warranty article went unfulfilled. It should be held to its bargain.

■ We affirm judgment as to Deutsch on the authority of *Aeronaves de Mexico, S.A. v. McDonnell Douglas Corp.*, 677 F.2d 771 (9th Cir. 1982). With the bargained for purchase agreement, Airlift and McDonnell Douglas allocated between themselves all risks of loss arising from defects in the aircraft and its components. That allocation would be nullified if Airlift were able to recover against Deutsch.

AFFIRMED.