**Kathleen MACK, Plaintiff-Appellant,**

v.

**A.H. ROBINS COMPANY, INC., a Virginia corporation, Defendant-Appellee.**

**No. 83–2285.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 15, 1984.

Decided May 14, 1985.

Richard A. Auerbach, Tucson, Ariz., for plaintiff-appellant.

Charles Horn, Bronson, Bronson & McKinnon, San Francisco, Cal., for defendant-appellee.

Before KENNEDY and CANBY, Circuit Judges, and NIELSEN *, District Judge.

PER CURIAM:

This appeal is from an order of the District Court granting summary judgment to defendant, finding plaintiff's claim for damages allegedly caused by the insertion of a Dalkon Shield barred by the Arizona two-year statute of limitations, A.R.S. § 12–542.

We review the District Court's decision as to the interpretation of the applicable Arizona law *de novo, In re McLinn,* 739 F.2d 1395, 1397 (9th Cir.1984) (en banc), and affirm.

The well-reasoned opinion of the District Court appears at 573 F.Supp. 149 (1983), and we write briefly in support of the trial court's decision.

At one point in her deposition, plaintiff testified that at the time of her hospital-

ization, some two and one-half years before the filing of her complaint, her doctors told her the Dalkon Shield was the cause of her pelvic inflammatory disease.

Later, in her deposition and in an affidavit filed in opposition to the Motion for Summary Judgment, she claimed the previous testimony was unclear and the result of confusion on her part. The trial court rejected this contention and held her bound by her original answer.

We point out that in her complaint, Paragraph 55, she alleged positively that her physicians advised her that the cause of her severe pelvic inflammatory disease was the Dalkon Shield. It was undisputed that she saw no physicians between her hospitalization and the filing of the complaint.

Thus, the conclusion is inescapable that she knew the alleged cause of her injury more than two years before the filing of her complaint and no genuine issue of material fact remains.

The Order Granting Summary Judgment is AFFIRMED.