**Timothy HUTCHINSON,
Plaintiff–Appellant,**

v.

**UNITED STATES of America,
Defendant–Appellee.**

No. 86–1970.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 11, 1988.

Decided March 10, 1988.

Robert U. Bokelman, San Francisco, Cal., and Daniel U. Smith, Kentfield, Cal., for plaintiff-appellant.

Sandra L. Willis, Asst. U.S. Atty., San Francisco, Cal., for defendant-appellee.

Before GOODWIN, FARRIS and NELSON, Circuit Judges.

FARRIS, Circuit Judge:

Timothy Hutchinson developed aseptic necrosis after doctors at the United States Health Services Hospital treated his asthma with prednisone. Hutchinson sued under the Federal Tort Claims Act, alleging that the doctors should not have treated him with prednisone and that they should have warned him of the risk of developing aseptic necrosis. After a bench trial, the district court ruled against Hutchinson. Hutchinson now appeals that portion of the ruling which dealt with the doctors' failure to warn.

■ Hutchinson contends that the district court misinterpreted California law in two respects. First, after Hutchinson had produced evidence of the doctors' nondisclosure of risks, the district court failed to require the United States to produce evidence that would justify the nondisclosure. Second, the district court assumed that the doctors' duty to warn depended on whether doctors in the community would have customarily provided warnings in the same situation. We review *de novo* the district court's interpretation of state law. *Matter of McLinn*, 739 F.2d 1395, 1397–98 (9th Cir.1984) (en banc).

■ At trial, Hutchinson showed that the doctors did not disclose the risk of developing aseptic necrosis. The district court erred by failing to recognize that the United States then had the burden of producing evidence that would justify the nondisclosure. *See Cobbs v. Grant*, 8 Cal. 3d 229, 104 Cal.Rptr. 505, 516, 502 P.2d 1, 12 (1972) (en banc). The district court also erred by assuming that nondisclosure could be justified by pointing to the common practices of doctors in the community. In this case, nondisclosure could only be justified if the information withheld would not have been material to the patient's decision. *Id.*, 104 Cal.Rptr. at 515, 502 P.2d at 11. Material information is that which the physician knows or should know would be regarded as significant by a reasonable person in the patient's position when deciding to accept or reject the recommended medical procedure. To be material, a fact must also be one which is not commonly appreciated. *Truman v. Thomas*, 27 Cal.3d 285, 165 Cal.Rptr. 308, 611 P.2d 902, 905 (1980) (en banc) (citations omitted).

■ On remand, the district court must first determine whether the United States proved by a preponderance of the evidence that the risks of developing aseptic necrosis were not material. If the United States met its burden, then it cannot be liable. If it did not meet its burden, the district court must then determine whether Hutchinson shouldered his burden on the issue of proximate cause. That burden can be met only if Hutchinson proved by a preponderance of the evidence that a reasonable person in his position would not have undergone treatment with prednisone had he known the risk of developing aseptic necrosis. *Cobbs*, 104 Cal.Rptr. at 515–16, 502 P.2d at 11–12.

■ We recognize that the district court concluded that Hutchinson had not met this burden. That conclusion, however, was based on the finding that asthma patients in 1981 were commonly treated with prednisone. Although this finding is not clearly erroneous, the conclusion drawn from it is. The district court's conclusion that a reasonable person in Hutchinson's position would have taken prednisone assumes that asthma patients had been routinely warned of the risk of developing aseptic necrosis. The record provides no support for this assumption, and reveals only that asthma patients were (and are) rarely warned of the risk. Thus, whether or not prednisone use was (and is) prevalent in the treatment of asthma is not directly relevant to whether a reasonable person in Hutchinson's position would have consented to treatment with prednisone after considering the risk of developing aseptic necrosis. If the district court reaches the proximate cause issue, it must resolve the factual issues of what risk Hutchinson faced, and whether a reasonable person in his situation would have consented to the treatment.

To summarize: On remand, the district must determine whether the United States showed that the risk of developing aseptic necrosis was not material. If the United States met this burden, the district court's inquiry ends and the United States is not liable. If the United States did not meet this burden, then the district court must determine whether Hutchinson met his burden on the issue of proximate cause. The determination entails an assessment of the risk that Hutchinson faced and whether Hutchinson proved by a preponderance of the evidence that a reasonable person in his situation would not have consented to the treatment. Hutchinson can prevail only if he met this burden and the United States failed to meet its burden of establishing the immateriality of the risk.

REVERSED and REMANDED.