951 F.2d 358
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ira A. ABRAHAMSON; Charles W. Clark; Paul Gordon; Wilda
Manthey, Plaintiffs-Appellants,
v.
WESTERN SAVINGS & LOAN ASSOCIATION, Gary H. Driggs; John D.
Driggs; Don C. Driggs; Robert M. Reade; H. Wilson Sundt;
A. Milton Whiting; Lewis J. Wright; Charles Randall Paul,
Defendants-Appellees.
 No. 89-16329.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 13, 1991.
Decided Dec. 12, 1991.
 
 Before SCHROEDER, CANBY and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In this class action, plaintiffs are investors who allege that Western Savings & Loan Association and its officers and directors violated section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, through defendants' statements and predictions regarding the financial status of Western. Plaintiffs appeal the district court's order dismissing their complaint pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6).
 
 
 3
 Plaintiffs' allegations fall into three general categories: the defendants' optimistic predictions and forecasts regarding Western's financial future, Western's failure to make adequate provisions for possible loan losses, and Western's inability to meet a ten-percent limitation imposed by federal regulators on direct investments in real estate. The district court determined that plaintiffs had failed to state a claim under section 10(b) because they alleged only corporate mismanagement and non-actionable predictions. We agree that plaintiffs have failed to state a claim with respect to the defendants' optimistic predictions and Western's allegedly inadequate loan loss provisions, but reverse with respect to allegations regarding Western's failure to meet the ten-percent investment limitation.
 
 
 4
 Incidents of fiduciary misconduct and internal mismanagement are not by themselves sufficient to trigger liability under the Exchange Act. See Santa Fe Indus., Inc. v. Green, 430 U.S. 462, 478-80 (1977). In determining whether a complaint states non-actionable mismanagement or a valid section 10(b) claim, we must consider whether the substance of the allegations is misconduct or a breach of fiduciary duty adequately regulated by state law, or some sort of fraud or deception proscribed by section 10(b). Compare Gaines v. Haughton, 645 F.2d 761, 779 (9th Cir.1981) (no § 14(a) claim where directors failed to disclose bribes made to foreign purchasers to encourage sale of company's products), cert. denied, 454 U.S. 1145 (1982), overruled in part on other grounds, In re McLinn, 739 F.2d 1395, 1397 (9th Cir.1984); Rochelle v. Marine Midland Grace Trust Co., 535 F.2d 523, 528-29 (9th Cir.1976) (no § 10(b) action based on issuance of debentures where plaintiff claimed such issuance was wasteful and harmed corporate financial health); with Virginia Bankshares, Inc. v. Sandberg, 59 U.S.L.W. 4887, 4889-90 & n. 6 (U.S. June 27, 1991) (false statement of belief by corporate directors about recommended course of action, or of reasons for recommending such action, in proxy statement actionable under § 14(a) of Exchange Act); Plaine v. McCabe, 797 F.2d 713, 723 (9th Cir.1986) (allegations of misrepresentation or failure to disclose specific items, including financial projections, from tender offer documents stated § 14(e) claim).
 
 
 5
 Plaintiffs' allegations that the defendants should have disclosed inadequate loan loss reserves is in essence a claim that there were material deficiencies in the administration of loan loss reserves and is therefore a claim of corporate mismanagement that is not actionable under section 10(b). In Santa Fe Industries, Inc. v. Green, 430 U.S. 462, 478-80 (1977), the Supreme Court declined to interpret section 10(b) to include a wide variety of corporate misconduct and breaches of fiduciary duty. The Court held that section 10(b) did not encompass an action brought by minority shareholders who claimed that majority shareholders had fraudulently appraised their shares pursuant to a short-form merger. The Court stated that the essence of plaintiffs' claim was the majority's breach of fiduciary duty, a claim which constituted "no more than internal corporate mismanagement." Id. at 479 (quoting Superintendent of Ins. v. Bankers Life & Casualty Co., 404 U.S. 6, 12 (1971)). The Court noted that this area was adequately and traditionally left to state regulation and therefore declined to federalize state corporate and fiduciary law. Id.; see also Superintendent of Ins. v. Bankers Life & Casualty Co., 404 U.S. 6, 12 (1971). Allegations concerning Western's alleged inadequacies in providing for loan losses do not constitute a claim of section 10(b) fraud under Santa Fe v. Green.
 
 
 6
 Our conclusion is not the same with respect to plaintiffs' allegations that the defendants violated section 10(b) by failing to disclose that Western was unable to meet regulatory restrictions on direct real estate investments, and that the defendants made knowingly false statements that Western was in compliance. The complaint in paragraphs 26 and 27 alleges that the relevant federal regulatory agency required Western to reduce its direct investments to below ten percent of its assets as of June 30, 1987. It alleges that Western and the individual defendants knew that Western could not comply with this condition but nevertheless advised the investing public that it would comply. These paragraphs allege both false statements of financial information and omissions of material fact. Thus, the district court was partially in error when it stated in its key finding that "nowhere do the plaintiffs allege that any of the financial information was falsely stated."
 
 
 7
 With respect to plaintiffs' allegations of overly optimistic predictions, we agree with the district court that such allegations failed to state a claim under the Securities Exchange Act. We have held that predictions may be actionable under section 10(b). See In re Apple Computer Sec. Litig., 886 F.2d 1109, 1113 (9th Cir.1989), cert. denied, 110 S.Ct. 3229 (1990); Marx v. Computer Sciences Corp., 507 F.2d 485, 489-92 (9th Cir.1974); see also Isquith v. Middle South Utils., Inc., 847 F.2d 186, 203-04 (5th Cir.), cert. denied, 488 U.S. 926 (1988). However, apart from the allegations relating to Western's knowledge of its inability to meet federally-imposed direct investment requirements, plaintiffs' complaint does not identify which of the defendant's predictions constitute the knowing or reckless misstatements or omissions of fact required for a violation of section 10(b). In their brief, plaintiff-appellants rely heavily on the allegations contained in paragraphs 132 and 133 of the complaint. These paragraphs allege that the loan reserves were not maintained at a high enough level in light of the high risk of some loans; that Western "would be required to add to its loan loss reserves"; and describe the defendant's evaluation of the Arizona real estate market as healthy and prediction that it would grow. But these allegations do not state that the defendants knew facts other than those contained in their public statements or that the defendants deliberately misrepresented the state of the market. Allegations that the defendants' predictions were ultimately mistaken go to competence, not to fraud.
 
 
 8
 Following briefing and argument of this appeal, the United States Supreme Court decided Virginia Bankshares, Inc. v. Sandberg, 111 S.Ct. 2749 (1991). We vacated submission and asked for supplemental briefing on the relevance of that decision to this case. In Part II of that opinion, the Supreme Court held that knowingly false statements of reasons, opinion or belief in a proxy statement may be actionable under section 14(a) of the Securities Exchange Act of 1934, but only (a) where the statement is one that the directors who made it did not believe, and (b) where the statement can be coupled with a showing that something it expressly or appliedly asserted can be shown by external evidence to have been false. See 111 S.Ct. at 2757-60. Our decision today is fully consistent with the Supreme Court's analysis in Bankshares.
 
 
 9
 AFFIRMED IN PART; REVERSED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3