962 F.2d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven M. HENDRICKSON, Sr., Plaintiff-Appellant,
v.
CITY OF SANTA ANA, et al., Defendants-Appellees.
 No. 91-55256.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1992.
Decided April 23, 1992.
 
 1
 Before WALLACE, C.J., and JAMES R. BROWNING and FERGUSON, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Steven M. Hendrickson appeals the district court denial of various claims arising from his employment termination. We affirm.
 
 BACKGROUND
 
 4
 Steven Hendrickson, a forty-nine year old white male, was fired by his employer, the City of Santa Ana. Hendrickson filed suit in federal court, claiming that the City terminated him for exercising his First Amendment rights in violation of 42 U.S.C. § 1983. Hendrickson also claimed that his discharge violated the anti-retaliation provisions of the Age Discrimination in Employment Act, 29 U.S.C. § 623(d), and the California Fair Employment and Housing Act, Cal.Gov't Code § 12940(f).
 
 
 5
 The City hired Hendrickson as a draftsman in 1968 and promoted him to Engineering Draftsman in 1977, and then to Assistant Transportation Planner in 1982. During the course of his employment, Hendrickson applied for and was denied other promotions. Appellee David Grosse was employed as the Executive Director of the City's Public Works Agency and personally fired Hendrickson. David Ream was the City Manager.
 
 
 6
 Hendrickson claimed that he was denied various positions as a result of age and sex discrimination and that the City engaged in illegal hiring practices. He alleged that "sweetheart deals" were made between management and individuals less qualified than he. He contended that the City violated civil service preferences in various other ways. He wrote a series of letters containing these allegations to city officials, initiated a formal grievance procedure and ultimately was terminated.
 
 
 7
 The City's Administrative Board (the "Board") upheld the firing based on five of the original seven counts, and dismissed the remaining two counts. During the pendency of this federal action, Hendrickson pursued a writ of mandamus to overturn the Board's decision in state court. The state action culminated in a court of appeal judgment in December 1991, invalidating three of the five grounds of his termination. Appellant then filed a motion in this court to remand the action back to district court after the state court of appeal decision became final.
 
 DISCUSSION
 1. Standard of Review
 
 8
 Our standard of review of the district court's findings of fact is clear error. United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). We review the legal conclusions to be drawn from those facts under a de novo standard. Connick v. Myers, 461 U.S. 138, 150 n. 10 (1983).
 
 2. First Amendment
 
 9
 To receive First Amendment protection, Hendrickson's speech must be shown to involve a matter of public interest. Connick, 461 U.S. at 146. If some degree of public interest is involved, Hendrickson must go on to show that "his interest as a citizen in commenting upon matters of public concern outweighs any adversely affected interest of the City in promoting efficient delivery of public services." Gillette v. Delmore, 886 F.2d 1194, 1197 (9th Cir.1989).
 
 
 10
 The content of Hendrickson's speech was of limited public interest. Although the speech touched on matters of public concern such as discrimination and illegal hiring practices, these issues were discussed almost entirely in the context of his personal disputes with the City over his own employment situation. When the speech at issue involves a personal employment dispute or was precipitated by adverse actions of an employer, this weighs against a finding that the speech addresses matters of public concern. Roth v. Veteran's Admin. of Government of U.S., 856 F.2d 1401, 1406 (9th Cir.1988). See also Connick, 461 U.S. at 153. The content and context of Hendrickson's speech thus justifies the conclusion that it was of limited public concern.
 
 
 11
 We next weigh the City's interest in efficient delivery of public services against the minimal public interest involved in Hendrickson's speech. The district court found that Hendrickson's speech destroyed working relationships with some of his superiors and threatened to hinder the operation of his department. This finding was not clearly erroneous. It is supported by the testimony of his superiors, David Grosse, David Ream, Pam Lucado, and George Alvarez. Although none of them testified to "actual disruption," this is not always required. We have held that where public concern issues do not predominate in the speech at issue, "actual, material and substantial" disruption is not required. Roth v. Veteran's Admin. of Gov't of United States, 856 F.2d 1401, 1407 (9th Cir.1988). When we balance the interests involved, we find no First Amendment violation.
 
 
 12
 We acknowledge the importance of allowing employees to air grievances in matters of public concern. Nevertheless, Hendrickson's right to express dissatisfaction, caused largely by his failure to be promoted, is outweighed by the City's interest in promoting efficiency in the public services it performs.[1] We hold his termination did not offend the First Amendment.
 
 3. Due Process
 
 13
 Hendrickson claims that his termination violated due process because there was no notice that his actions could result in termination. We uphold the district court and agree that Arnett v. Kennedy, 416 U.S. 134 (1974), controls the result for this claim. In Arnett, removal or suspension "for such cause as will promote the efficiency of the service" was held by the Court to be constitutional although it is an "admittedly general standard." Id. at 159. Therefore, under Arnett, the City Charter provision at issue here[2] does not offend due process.
 
 4. Denial of Right to Petition
 
 14
 Hendrickson contends that the termination, based in part upon his writing to city officials, violated his First Amendment right to petition the government. Statements made in a petition are not afforded greater constitutional protection than other First Amendment expressions. McDonald v. Smith, 472 U.S. 479, 485 (1985). For this reason, Hendrickson's right to petition claim fails for the same reasons that his other First Amendment claim fails.
 
 
 15
 The fact that Hendrickson was protected by an anti-retaliation provision in his union's agreement with the City does not strengthen this claim. Hendrickson's remedy for a violation of that provision is a state court action to enforce the agreement. We note that he has pursued his state remedy.
 
 5. Violations of ADEA and FEHA
 
 16
 Hendrickson charges that he was terminated in retaliation for his claims of age discrimination, in violation of 29 U.S.C. § 623(d) and Cal.Gov't Code § 12940(f).[3] Because Hendrickson's discharge notice included his charge of age discrimination as one of the grounds for his dismissal, Hendrickson has made a prima facie showing of age discrimination under Wrighten v. Metropolitan Hosps., Inc., 726 F.2d 1346, 1354 (9th Cir.1984).
 
 
 17
 However, this prima facie showing can be rebutted. Where plaintiff makes a prima facie case, the burden of production shifts to the defendant-employer to articulate a legitimate, non-retaliatory reason for the discharge. If the employer can do so, the burden of production shifts back to the plaintiff to show that the proffered explanation was merely pretextual. Miller v. Fairchild Indust., Inc., 885 F.2d 498, 504 n. 4 (9th Cir.1989), cert. denied, 494 U.S. 1056 (1990). The City could meet its burden by showing Hendrickson's belief as to the discrimination, or his oppositional conduct, was unreasonable, or that there was a legitimate reason for his discharge. See Sias v. City Demonstration Agency, 588 F.2d 692, 695 (9th Cir.1978) (as to belief) and Wrighten, 726 F.2d at 1354-55 (as to conduct).
 
 
 18
 The district court found that the City had a legitimate reason to discharge Hendrickson because his belief that he was being discriminated against was unreasonable. We review this factual finding for clear error. Wrighten, 726 F.2d at 1346.
 
 
 19
 The district court noted that age discrimination was not the thrust of Hendrickson's complaint with the City; he did not mention it in any of his letters to the various city officials. Hendrickson made the age discrimination claim for the first time in his Third Step Grievance. Further, the district court found that Hendrickson made serious allegations against the City based on assumptions, without investigating first to see whether there was any truth to them. Had Hendrickson inquired first, he would have discovered that in fact six of the positions he was denied were offered to persons in their forties or fifties.
 
 
 20
 We agree that under these facts, Hendrickson's belief was unreasonable and the City had a legitimate non-retaliatory reason to dismiss him. The district court's factual findings here are not clearly erroneous.
 
 6. Violation of Public Policy
 
 21
 Hendrickson claims that his termination violated public policy because his speech concerned the integrity of the voter validated merit civil service system. The district court rejected this claim and we agree.
 
 
 22
 We review a district court's interpretation of state law de novo. Matter of McLinn, 739 F.2d 1395, 1397 (9th Cir.1984) (en banc). The termination of one who discloses illegal, unethical or unsafe practices is against public policy. Foley v. Interactive Data Corp., 47 Cal.3d 654, 669, 765 P.2d 373, 378 (1988). However, rather than disclose illegalities to the public, Hendrickson's speech contained unsubstantiated allegations based on his personal grievances. This does not implicate substantial public policy.
 
 7. Motion to Remand
 
 23
 Hendrickson asks that we remand this case to the district court based on 28 U.S.C. § 1738, the full faith and credit statute. He claims the district court should reconsider his federal claims based only on the grounds for termination the state court did not determine were invalid under state law.
 
 
 24
 In an action under section 1983, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Under California law, a California state court decision has no res judicata effect "during the pendency of and until the resolution of the appeal." Agarwal v. Johnson, 603 P.2d 58, 72 n. 11 (Cal.1979). Under California as well as federal law, a federal district court decision, once rendered, is final for res judicata purposes. See Calhoun v. Franchise Tax Bd., 574 P.2d 763, 765-66 (Cal.1978) (federal rule is "judgment or order, once rendered, is final for purposes of res judicata until reversed on appeal or modified or set aside"; "federal judgment is as final in California courts as it would be in federal courts"). Thus, under California law, the district court was not required to give any state court judgment preclusive effect. Further, although the state court judgment became final during the pendency of this appeal, it cannot affect our decision. Under California law, the district court's decision on the claims at issue here precluded the state court from reconsidering them. See id.
 
 
 25
 Affirmed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As such, we need not apply the test set forth in Mt. Healthy City School District Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)
 
 
 [2]
 Santa Ana City Charter § 1000(d) permits dismissal for "reasonable and sufficient cause."
 
 
 [3]
 Hendrickson makes no arguments based on the California statute and has therefore forfeited this claim. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988)