33 F.3d 58
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vanik GASPARIAN, Plaintiff-Appellant,
v.
ATLANTIC RICHFIELD COMPANY, a Delaware corporation,
Defendant-Appellee.
 No. 93-55180.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 1, 1994.*
Decided Aug. 15, 1994.
 
 1
 Before: D.W. NELSON and NOONAN, Circuit Judges, and KING,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Vanik Gasparian appeals the district court's grant of summary judgment in favor of Atlantic Richfield Co. ("ARCO") in his action alleging that ARCO improperly terminated his franchise agreement in violation of the Federal Petroleum Marketing Practices Act, 15 U.S.C. Secs. 2801-2841 ("PMPA") and committed defamation under California Civil Code Sec. 45 by publishing an article about Gasparian in its newsletter.[1] Gasparian contends that the district court erred in granting summary judgment in favor of ARCO on his claim under the PMPA because the court erroneously construed the term "numerous" in concluding that the customer complaints ARCO received regarding him were numerous within the meaning of 15 U.S.C. Sec. 2802(b)(3)(B). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, review de novo, Matter of McLinn, 739 F.2d 1395 (9th Cir.1984) (en banc), and affirm.
 
 I.
 
 4
 The PMPA prohibits a gasoline franchisor from either terminating or failing to renew a franchise contract except under certain circumstances. ARCO claims its nonrenewal of Gasparian's franchise agreement was permissible under Sec. 2802(b)(3)(B), which provides:
 
 
 5
 (3) For purposes of this subsection, the following are grounds for nonrenewal of a franchise relationship:
 
 
 6
 ....
 
 
 7
 (B) The receipt of numerous bona fide customer complaints by the franchisor concerning the franchisee's operation of the marketing premises if--
 
 
 8
 (i) the franchisee was promptly apprised of the existence and nature of such complaints following receipt of such complaints; and
 
 
 9
 (ii) if such complaints related to the condition of such premises or to the conduct of any employee of such franchisee, the franchisee did not promptly take action to cure or correct the basis of such complaints.
 
 
 10
 The district court concluded that the 31 bona fide complaints ARCO received regarding Gasparian and his employees over a 34-month period were sufficiently "numerous" under 15 U.S.C. Sec. 2802(b)(3)(B) to provide ARCO with statutory grounds for nonrenewal.
 
 II.
 
 11
 Gasparian's sole argument on appeal is that the district court erred in failing to apply an "objectively reasonable" standard in determining numerosity under 15 U.S.C. Sec. 2802(b)(3)(B).[2] We disagree. In Early v. Texaco Refining and Marketing Inc., 951 F.2d 1059 (9th Cir.1991), this court endorsed the approach taken by the Third Circuit in Robertson v. Mobil Oil Corp., 778 F.2d 1005 (3d Cir.1985), and applied a comparative standard. The Early court held that receipt of ten sincere complaints over an 18-month period was sufficiently numerous so as to justify nonrenewal of a franchise agreement under 15 U.S.C. Sec. 2802(b)(3)(B).[3] See also Robertson, 778 F.2d at 1006 (126 complaints received over a three-year period held sufficiently numerous); Blankenship v. Atlantic Richfield Co., 478 F.Supp. 1016, 1019 (D.Or.1979) (eighteen complaints over two-and-a-half-year period sufficient).
 
 
 12
 Gasparian cites to Darling v. Mobil Oil Corp., 864 F.2d 981 (2d Cir.1989) for the proposition that the district court should have applied an "objectively reasonable" standard to determine numerosity. Darling is readily distinguishable from the present case, however, as it addresses the applicable standard for termination under 15 U.S.C. Sec. 2802(b)(2)(A),[4] and not nonrenewal under 15 U.S.C. Sec. 2802(b)(3)(B). The district court was correct in applying the comparative standard adopted by this court in Early.
 
 III.
 
 13
 The district court's grant of summary judgment in favor of ARCO is AFFIRMED. ARCO's request for attorneys' fees on appeal pursuant to 15 U.S.C. Sec. 2805(d)(3) is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The state law defamation action is not at issue in this appeal
 
 
 [2]
 Gasparian does not take issue with the district court's determinations regarding the notice or opportunity to cure provisions of 15 U.S.C. Sec. 2802(b)(3)(B)(i) and (ii)
 
 
 [3]
 The Early court also noted that the average complaint about a Texaco station in the marketing region involved was less than one complaint per year
 In the present case, the district court noted that ARCO had received a greater number and more serious complaints about Gasparian in the 34 months prior to his nonrenewal than it had received about any other franchisee in the Los Angeles area during that time. The district court also examined the raw numbers of complaints that ARCO received about its Los Angeles area franchisees for the same period, and confirmed that more complaints had been received about Gasparian than any other franchisee. Gasparian also did not present any evidence to refute ARCO's allegations.
 
 
 [4]
 Moreover, we note that 15 U.S.C. Sec. 2802(b)(2)(A) explicitly contains the term "reasonable."