56 F.3d 71
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 GENERAL ELECTRIC RAILCAR SERVICES CORPORATION, a New York
corporation, Plaintiff-Appellee,
v.
Barry RICKERT, Defendant-Appellant.
 No. 93-56263.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 9, 1995.
Decided May 23, 1995.
As Amended on Denial of Rehearing Aug. 1, 1995.
 
 Appeal from the United States District Court, for the Central District of California, D.C. No. CV-92-02676-AAH; A. Andrew Hauk, District Judge, Presiding.
 C.D.Cal.
 REVERSED.
 Before: WALLACE, Chief Judge, HUG, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant-Appellant Barry Rickert appeals the district court's grant of summary judgment in favor of Plaintiff-Appellee General Electric Railcar Services Corporation ("GE"). The district court found Rickert personally liable to GE for Image South's breach of contract and conversion of GE's property, and awarded GE damages in the amount of $482,325.23 plus costs, attorneys' fees, and prejudgment interest. On appeal, Rickert challenges the district court's choice of law, its piercing of Image South's corporate veil, its finding of liability for conversion and breach of contract, and its damage calculation.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We vacate the summary judgment and remand for trial because there is a genuine issue of material fact as to whether Rickert is the alter ego of Image South. Because we are remanding for trial, we need not reach Rickert's other claims. See United States v. Standard Beauty Supply Stores, Inc., 561 F.2d 774, 778 n. 7 (9th Cir. 1977).
 
 I.
 
 4
 We review de novo a district court's grant of summary judgment. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). We also review de novo it's interpretation of state law. Matter of McLinn, 739 F.2d 1395, 1403 (9th Cir. 1984) (en banc).
 
 II.
 
 5
 The district court decided this case applying the law of the forum state, California. Rickert alleges that this was error because there is a conflict of law as to the alter ego, conversion, and liquidated damages issues, and that Georgia law should apply. We reach this issue only as to the alter ego question.
 
 
 6
 We apply the conflict of law rules of the forum state to determine which substantive state law will govern. Liew v. Official Receiver & Liquidator, 685 F.2d 1192, 1195 (9th Cir. 1982). Under California's "governmental interest" analysis, the threshold question is whether there is a conflict of law, that is, whether the state laws differ as applied to this transaction. Id. at 1196. Where the laws are identical, "there is no reason to reject the law of the forum." Fleury v. Harper & Row Publishers, Inc., 698 F.2d 1022, 1025 (9th Cir.), cert. denied, 464 U.S. 846 (1983), overruled on other grounds by Matter of McGinn, 739 F.2d 1395, 1397 (9th Cir. 1984) (en banc).
 
 
 7
 There is no conflict between the California and Georgia alter ego laws as applied to this case. There are two requirements for piercing the corporate veil under California law: "'(1) that there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow."' Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1543 (9th Cir. 1988) (quoting Mesler v. Bragg Management Co., 702 P.2d 601, 606 (Cal. 1985)). The same standard applies under Georgia law: "'To establish the alter ego doctrine it must be shown that the stockholders' disregard of the corporate entity made it a mere instrumentality for the transaction of their own affairs; that there is such unity of interest and ownership that the separate personalities of the corporation and the owners no longer exist; and to adhere to the doctrine of corporate entity would promote injustice or protect fraud."' Farmers Warehouse of Pelham, Inc. v. Collins, 137 S.E.2d 619, 625 (Ga. 1964).
 
 
 8
 Rickert argues that there is a conflict between Georgia and California law because California allows the court to consider sole ownership of a corporation as a factor tending to show alter ego, whereas Georgia does not. But the Georgia Supreme Court was explicit in Farmers Warehouse that sole ownership can be considered as a factor, although not the sole factor, in its decision to disregard the corporate form. Id. California law is no different. See Seymour v. Hull & Moreland Engineering, 605 F.2d 1105, 1110 n.4 (9th Cir. 1979) (quoting Arnold v. Browne, 103 Cal. Rptr. 775, 781-82 (Cal. App. 1972)).
 
 III.
 
 9
 The district court found that Rickert and Image South have a unity of interest as a matter of law because: (1) Rickert was Image South's only shareholder; (2) Rickert was Image South's only remaining corporate officer; (3) Image South had no directors; (4) Rickert was Image South's exclusive provider of capital; (5) BMR guaranteed Image South's debts; (6) BMR and Image South shared the same address; (7) Rickert was president of BMR; (8) Rickert owned 100% of BMR's stock; (9) Rickert was BMR's only officer; (10) BMR and Image South filed bankruptcy on the same day; and (11) Image South's bankruptcy is evidence of undercapitalization.
 
 
 10
 Rickert claims that there is at least a genuine issue of material fact as to the unity of interest between himself and Image South because, although Image South is now bankrupt, it had substantial corporate assets in the past and Rickert invested $250,000 in the corporation. In addition, Rickert claims that he refused to personally guarantee the debts of Image South, Image South originally had four directors and officers, and Image South always maintained customary business records.
 
 
 11
 The district court found inequity as a matter of law because: (1) GE has suffered damages as a result of the contract breach; (2) these damages appear to be the direct result of Rickert's fraud and deception upon GE; (3) some of the proceeds from the sale of the equipment went to pay Image South's back taxes; (4) Rickert was in danger of being held personally liable for Image South's back taxes; and (5) the returned equipment was gutted.
 
 
 12
 Rickert responds that there was no fraud, or there is at least a genuine issue of material fact as to the claim of fraud. He claims that Image South's accountant accidently credited Image South's operating account, rather than GE, with the proceeds of the equipment sale. Rickert also contests GE's claim that the proceeds were used to pay Image South's back taxes, and that he would have been personally liable for the taxes.
 
 
 13
 Rickert offers only his own declaration in support of his allegations. We find this evidence sufficient to raise a genuine issue of material fact. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Assoc., 809 F.2d 626, 631 (9th Cir. 1987) ("If the nonmoving party produces direct evidence of a material fact, the court may not assess the credibility of this evidence nor weigh against it any conflicting evidence presented by the moving party. The nonmoving party's evidence must be taken as true.").
 
 
 14
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3