116 F.3d 482
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re: Attorney's Fee Lien for WHITE, PETERSON, PRUSS,
MORROW & GIGRAY, P.A., Appellant,
Mirriam Y. BEAN, Plaintiff-Appellee,
v.
K. Allen PEDERSEN; Jan Marie Pederson, wife; Pederson
Family Trust, an unincorporated entity, Defendants.
 No. 96-35607.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 20, 1997.
 
 Appeal from the United States District Court for the District of Idaho, No. CV-90-00146-LEW; Laughlin E. Waters, District Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 White, Peterson, Pruss, Morrow & Gigray, P.A. ("WPPMG") appeals the district court's order denying its motion for satisfaction of attorney's fee lien. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 In a diversity action, we review questions of state law de novo. See Churchill v. F/V Fjord (In re McLinn), 739 F.2d 1395, 1397 (9th Cir.1984) (en banc).
 
 
 4
 WPPMG contends that the district court erred by concluding that the covenant of good faith and fair dealing did not apply. This contention lacks merit.
 
 
 5
 When parties enter into a contract, they assume not only the contractual duties imposed by their agreement but also a duty to act in good faith. See Badell v. Badell, 835 P.2d 677, 682 (Idaho 1992). But the implied covenant of good faith and fair dealing cannot override an express provision in a contract negotiated and executed by the parties. See Idaho First Nat'l Bank v. Bliss Valley Foods, Inc., 924 P.2d 841, 863 (Idaho 1991).
 
 
 6
 The implied covenant of good faith and fair dealing is not applicable in this case because it is inconsistent with the express agreement executed by the parties. See id. According to the agreement, because WPPMG was discharged more than sixty days prior to trial, Bean was only obligated to pay the discounted hourly rate and not the contingency fee. To hold otherwise would be in contravention of the parties' rights under this agreement. See id.
 
 
 7
 WPPMG also contends that the district court erred by concluding that WPPMG did not meet the third requirement enunciated in Skelton v. Spencer, 625 P.2d 1072, 1079 (Idaho 1981). We disagree.
 
 
 8
 An attorney is not entitled to a charging lien on the proceeds of a settlement unless "it was agreed that counsel look to the fund rather than the client for his compensation." Id. The district court properly found that this was not the case, as evidenced from the clear terms of the agreement. See id.
 
 
 9
 For the reasons stated, we affirm the district court's order denying WPPMG's motion for satisfaction of attorney's fee lien.
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3