139 F.3d 903
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BUDGET RENT A CAR SYSTEMS, INC., Plaintiff-Appellee,
v.
Rita V. NAKAMOTO, Defendant,
and
Lenora Morita, Defendant-Appellant.
 No. 96-15728.
 United States Court of Appeals, Ninth Circuit.
 Feb. 13, 1998.
Argued and Submitted May 9, 1997.
Submission Withdrawn May 16, 1997.
Resubmitted Jan. 21, 1998.
 
 Appeal from the United States District Court for the District of Hawaii David A. Ezra, District Judge, Presiding.
 Before HALL, TROTT,** and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This is an insurance coverage declaratory relief action. The district court had jurisdiction under 28 U.S.C. §§ 1332 and 2201. See Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1998 WL 7832 (9th Cir. Jan.13, 1998) (en banc). We have jurisdiction under 28 U.S.C. § 1291, and we reverse.
 
 FACTS
 
 3
 Nancy Terry (Terry) rented a Jeep on August 24, 1992, from Budget Rent A Car Systems (Budget). The rental agreement designated her as the "Renter." Kevin Nakamoto (Kevin) was designated in the agreement as an "Additional Driver." The agreement noted that Kevin would be the only driver of the Jeep and that it would be returned one week later.
 
 
 4
 About a week later, on September 2, Kevin returned the Jeep and "exchanged" it for a Ford Tempo. He also paid Budget $310.57. On the Ford's rental agreement, Terry was still identified as the "Renter" and Kevin as an "Additional Driver." Terry did not sign the new agreement, was not present when the "exchange" was made and was unaware of it. On September 29, Rita V. Nakamoto (Rita), Kevin's wife, was involved in an accident while driving the Tempo. She struck the rear of a vehicle, pushing it into a car driven by Lenora L. Morita (Morita).
 
 
 5
 Morita sued Rita in state court for damages arising out of the accident. Several months later, Budget filed this declaratory judgment action. It sought a declaration that, as a self-insurer, it had no duty to defend or to indemnify Rita in Morita's state court action.
 
 
 6
 The district court granted summary judgment to Budget. It held that Kevin was not Budget's "customer" because he did not rent the Tempo, but merely was authorized to drive it. It found that only Terry was Budget's customer and that there was only one contract involved in the transactions. The court reasoned that the modification of the agreement, involving the exchange of vehicles and extension of the rental period, bound Terry and obligated her with respect to the rental of the Tempo, as well as the Jeep.
 
 DISCUSSION
 
 7
 We review the grant of summary judgment de novo. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.), cert. denied, --- U.S. ----, 118 S.Ct. 559, 139 L.Ed.2d 401 (1997). Viewing the evidence in the light most favorable to the non-moving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 
 8
 Budget's duty to defend and to indemnify arises under a City and County of Honolulu ordinance which required Budget to provide primary liability insurance coverage to the "customer and any person driving the vehicle with the express or implied permission of the ... customer." Honolulu Revised Ordinance (ROH) § 12-2.7.[1] This statutory requirement is a part of every insurance policy and self-insuance provision. State Farm Mut. Auto. Ins. Co. v. GTE Hawaiian Tel. Co., 81 Hawai'i 235, 915 P.2d 1336, 1345 (Hawaii 1996); AIG Hawaii Ins. Co. v. Vicente, 78 Hawai'i 249, 891 P.2d 1041, 1043 (Hawaii 1995).
 
 
 9
 The parties dispute whether Kevin was a "customer" within the meaning of the ordinance. Budget acknowledges that it would be obligated to defend and to indemnify Rita, if Kevin were a customer and Rita was driving the Tempo with his permission. Under the ordinance, "customer" means "any person ... renting ... a motor vehicle...." ROH § 12-2.2. The ordinance does not define "renting." Thus, we give it "its ordinary and natural meaning." United States v. Van den Berg, 5 F.3d 439, 441 (9th Cir.1993) (citing Smith v. United States, 508 U.S. 223, 228, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993)).
 
 
 10
 The undisputed facts, taken in their ordinary and natural sense, establish that Kevin was "renting" the Tempo from Budget and therefore was its "customer." Budget expressly gave permission to Kevin to drive the Tempo; Budget knew that Terry would not be driving the car and that Kevin would be paying the rental fee; Budget permitted Kevin to return the Jeep and obtain the Tempo for an extended period which exceeded the term of the original agreement, all without Terry's consent; at the time of the "exchange," Budget accepted payment from Kevin for the Jeep's rental and later billed Kevin's wife, Rita, for the Tempo's rental costs. Under any ordinary, natural and common-sense meaning of the word, Kevin "rented" the Tempo from Budget. He therefore was Budget's "customer" under ROH § 12-2.7.
 
 
 11
 Budget argues that Kevin was not its "customer" because he did not "rent" the Tempo in the technical sense of the term. According to Budget, Kevin did not rent the car because he did not provide the consideration for its rental. The argument is unavailing. It incorrectly assumes that Terry rented the Tempo. Terry signed a rental agreement to rent a Jeep, which was to be returned by September 1st. The agreement also provided that it could "only be changed in writing and if signed or initialed by both the renting location and Renter." Terry never signed any amendment to "exchange" the Jeep for the Tempo, to pay rental fees for the Tempo or to extend the rental period past September 1st. Terry was not the renter of the Tempo. See Travelers Ins. Co. v. Budget Rent-A-Car Sys., Inc., 901 F.2d 765, 766 (9th Cir.1990).
 
 
 12
 Budget contends, nonetheless, that Terry is obligated by the changes to the original contract because they were not "material" under Haw.Rev.Stat. § 490:2-207(2)(b). This contention fails. First, the statute applies only to contracts for the sale of goods, not to lease or rental contracts. Second, § 490:2-207(2)(b) applies only "between merchants," a concept wholly unsupported by the record. Third, even if the statute were otherwise applicable, the express provisions of the agreement required the written consent of both parties before the contract could be modified. Finally, there is another statute that expressly applies and which is contrary to Budget's position. See Haw.Rev.Stat. § 490:2A-208 ("A signed lease agreement that excludes modification ... except by a signed writing may not be otherwise modified.").
 
 
 13
 Budget also makes an argument from the legislative history of the ordinances' repeal that it never really provided for personal liability coverage. The argument is self-contradictory, approaches nonsense and we reject it. Further grasping at straws, Budget asserts that we should defer to the district court's interpretation of state law. The argument is frivolous and contrary to Supreme Court and Circuit precedent. See Salve Regina College v. Russell, 499 U.S. 225, 231, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991); In re McLinn, 739 F.2d 1395, 1403 (9th Cir.1984) (en banc).
 
 
 14
 Because the district court concluded that Kevin was not the "renter" of the Tempo, it never reached the question of whether his wife, Rita, was driving the Tempo with his express or implied permission. On this record, that appears not to have been established as an uncontroverted fact. For that reason, we must remand for further proceedings.
 
 
 15
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir.R. 36-3
 
 
 **
 The panel assigned to this case, as originally constituted, included Judge Norris. However, Judge Norris resigned before the case was resubmitted for decision and Judge Trott has been drawn in his place. Judge Trott has been furnished with copies of all of the briefs and the record, as well as an audiotape of the oral agrument
 
 
 [1]
 This ordinance has since been repealed, but the parties agree that it applies to this case