**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30239 |
| Plaintiff-Appellee, | D.C. No. 2:21-cr-00006-DLC-1 |
| v. | |
| KRYSTA DENISE VOORHIES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Argued and Submitted November 8, 2022
Seattle, Washington

Before:  IKUTA and COLLINS, Circuit Judges, and FITZWATER,[**] District Judge.

Krysta Denise Voorhies ("Voorhies") appeals the district court's order denying

her motion to suppress.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Sidney A. Fitzwater, United States District Judge for the
Northern District of Texas, sitting by designation.

We review de novo the district court's order denying Voorhies' motion to suppress. *United States v. Adjani*, 452 F.3d 1140, 1143 (9th Cir. 2006); *In re McLinn*, 739 F.2d 1395, 1397 (9th Cir. 1984). We "may affirm the district court's holding on any ground raised below and fairly supported by the record." *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1030 (9th Cir. 2013) (quoting *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1226 (9th Cir. 2009)).

1. When Voorhies was released from the Montana Department of Corrections ("DOC"), she was subject to a search condition as a term of her conditional release.[1] This condition permitted probation and parole officers to search her person, vehicle, and residence based on reasonable suspicion. Prior to the search that Voorhies seeks to suppress, she had been sentenced to DOC custody for a three-year term under Mont. Code Ann. § 46-18-201(3)(a)(iv)(A) (West 2017). Under Montana law, DOC had the discretion to place Voorhies in an "appropriate community-based program[]," such as release subject to conditions. Mont. Code Ann. § 53-1-202(2)(b), -203(1)(a)(iv) (West 2017); Mont. Admin. R. 20.7.601(2) (2011); Mont. Admin. R.

---

[1] The district court's conclusion that Voorhies was not subject to supervisory conditions at the time of the search is erroneous. But the government was not required to file a cross-appeal to raise this error on appeal because the government prevailed below and "seeks to preserve, and not to change, the judgment." *Lee v. Burlington N. Santa Fe Ry. Co.*, 245 F.3d 1102, 1107 (9th Cir. 2001) (citation omitted).

2

20.7.1102 (2008); *VanSkyock v. Twentieth Jud. Dist. Ct.*, 393 P.3d 1068, 1071 (Mont. 2017) (citation omitted) ("When a district court commits a criminal defendant to DOC for placement pursuant to § 46-18-201(3)(a)(iv)(A), [Mont. Code Ann.], the sentencing court has no authority to direct or control where or in what program DOC ultimately places the defendant for the term of sentence."); *State v. Strong*, 203 P.3d 848, 851 (Mont. 2009) ("The DOC commitment . . . could consist of a prison sentence, appropriate community-based programs in prerelease centers, intensive supervision programs, or the Treasure State Correctional Training Center . . . ."). Under Montana law, Voorhies was on release subject to lawful conditions when the search at issue occurred.[2]

2. The search was supported by reasonable suspicion. Voorhies was serving a sentence for possession of dangerous drugs. When she observed probation and parole officers arriving at her house, she ran inside and locked her front door. *See Illinois v. Wardlow*, 528 U.S. 119, 124 (2000).

**AFFIRMED**.

---

[2] Because the district court properly denied Voorhies's motion to suppress on other grounds, its conclusion that Voorhies was not subject to a valid search condition is harmless error.